EVA BANKS, VELMA SUTTON AND EUGENE SUTTON, PLAINTIFFS, v. RODNEY L. UHLAND ET AL., DEFENDANTS.

Decided July 14, 1943.

For the plaintiffs, *Elwood C. Weeks*.

For the defendants, *Starr, Summerill & Lloyd* (by *Frank T. Lloyd*).

BURLING, C. C. J. Application was made to me within six days of the rendition of the verdict of no cause of action for a rule to show cause why a new trial should not be granted and due consideration has been given thereto.

In the oral *ex parte* application, the principal reason relied upon was that the verdict of the jury was inconsistent, particularly in its relation to the cause of action of the plaintiff Eva Banks, an occupant of the car being operated by the co-plaintiff Velma Sutton, in that a counter-claim was asserted for property damage by the defendant J. Leo Uhland, the owner of the automobile operated by the defendant Rodney L. Uhland, and no verdict was rendered in regard thereto. This counter-claim was abandoned and withdrawn by the attorney for the counter-claimant, J. Leo Uhland, at the close of the reception of the evidence and during the argument of such attorney to the jury. Since no voluntary nonsuit was applied for or formal rule of discontinuance taken, the attorney for the plaintiffs maintains the counter-claim was still before the jury for action thereon.

The point contended for is without merit, because a reading of the entire charge which I have had transcribed, convinces me that there was no confusion in the submission of the issues in this case to the jury. The pleadings in this case, wherein the counter-claim was pleaded, were not delivered to the jury in its consideration of the case, and prior to the charge, the defendant's attorney announced in open court his abandonment of his counter-claim, and this fact was alluded to in the argument of the attorney for the plaintiffs. 1 *C. J. S., Actions*, 1418, § 138.

No reference was made whatsoever in the charge respecting the counter-claim. The respective positions of all parties, and the only possible verdicts seem to me to have been clearly and emphatically defined, and the verdict met the issues submitted.

Further, the failure to award an affirmative verdict upon the counter-claim, even if submitted to the jury, could not have been complained of by the plaintiffs, and especially by Eva Banks, the occupant.

The remaining reasons assigned at the oral presentation of the application appear to be without merit, and do not advance reasons which warrant the intervention of the court in the premises.

The application is accordingly denied.